Strafford,
No. 4448.

BURTON WALKER *v.* AGNES T. HAYES.

Argued January 4, 1956.

Decided February 7, 1956.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* and *Robert A. Raulerson* (*Mr. Raulerson* orally), for the defendant.

BLANDIN, J. This is an alternative contract (*Barker* v. *Jones*, 8 N. H. 413; Restatement, Contracts, ss. 325c, 344 *illustrations* 1, 2), wherein the defendant has the option to satisfy her obligation by either cash or stock. Under this contract the plaintiff had no right to demand performance of a particular alternative. Restatement, Contracts, s. 325, *comment* e. As a result his damages are measured by "the alternative that will result in the smallest recovery." *Id.*, s. 344; 5 Williston, Contracts, 3920-3922. However, the plaintiff argues that when the defendant failed to elect on or before April 5, 1953, this gave him the option of choosing, as he has endeavored to do, between the alternatives. The few cases which support such a rule have been criticized as lacking a sound basis (5 Corbin on Contracts, ss. 1079, 1081; *Williston, supra,* 3922), and are contrary to our well established law that the parties' intention controls. *Smart* v. *Hernandez*, 95 N. H. 492, 496. There

is no indication in the agreement before us that the parties meant to give the plaintiff the option to choose the alternative and his contention is rejected.

Indisputably, the smallest recovery is the stock which the plaintiff already has, and since there is no claim that the delay in transferring the shares caused him any damage, the order is

*Judgment for the defendant.*

All concurred.